UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Yeshivath Viznitz Dkhal Torath Chaim, and Khal Torath Chaim or Rockland, Inc.,

                        Plaintiffs,

-vs.-

Village of Briarcliff Manor, Village of Briarcliff Manor Village Board of Trustees, Steven A. Vescio in his official capacity as Mayor of the Village of Briarcliff Manor, Village of Briarcliff Manor Zoning Board of Appeals, Christopher Bogart in his official capacity as Chairman of the Zoning Board of Appeals of the Village of Briarcliff Manor, the Village of Briarcliff Manor Planning Board, Malcom Netburn in his official capacity as Chairman of the Planning Board, and David J. Turiano in his official capacity as Building Inspector of the Village of Briarcliff Manor,

                        Defendants.

------------------------------------------------------------------------X

**ANSWER**

Case No. 7:23-cv-4384
(PMH)

Defendants, VILLAGE OF BRIARCLIFF MANOR, VILLAGE OF BRIARCLIFF MANOR VILLAGE BOARD OF TRUSTEES, STEVEN A. VESCIO in his official capacity as Mayor of the Village of Briarcliff Manor, VILLAGE OF BRIARCLIFF MANOR ZONING BOARD OF APPEALS, CHRISTOPHER BOGART in his official capacity as Chairman of the Zoning Board of Appeals of the Village of Briarcliff Manor, VILLAGE OF BRIARCLIFF MANOR PLANNING BOARD, MALCOM NETBURN in his official capacity as Chairman of the Planning Board, and DAVID J. TURIANO in his official capacity as Building Inspector of the Village of Briarcliff Manor (collectively "Defendants"), by their attorneys, Sokoloff Stern LLP, answers plaintiffs' First Amended Complaint dated July 31, 2023 (the "Complaint") as follows:

1

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint, except admit the Village of Briarcliff Manor ("Village") was incorporated in 1902 and is located in Westchester County.

2.      Deny the allegations set forth in paragraph "2" of the Complaint and respectfully refer the Court to the Village's website for its content.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, and respectfully refer all questions of law to the Court for adjudication.

7.      Deny the allegations set forth in paragraph "7" of the Complaint and respectfully refer the Court to the referenced document for its full contents and meaning.

8.      Deny the allegations set forth in paragraph "8" of the Complaint and respectfully refer the Court to the referenced document for its full contents and meaning.

9.      Deny the allegations set forth in paragraph "9" of the Complaint.

10.     Deny the allegations set forth in paragraph "10" of the Complaint.

11.     Deny the allegations set forth in paragraph "11" of the Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiffs purport to bring this action as set forth therein.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiffs purport to assert jurisdiction as set forth therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiffs purport that venue is proper.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit the Village is incorporated under the laws of New York State and has a governmental office at 1111 Pleasantville Road, Village of Briarcliff Manor, New York 10510.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit the Village of Briarcliff Manor Village Board of Trustees ("Village Board") is the governing legislative body of the Village of Briarcliff Manor and has a governmental office at 1111 Pleasantville Road, Village of Briarcliff Manor, New York 10510.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit Steven A. Vescio is the Mayor of the Village of Briarcliff Manor and has a governmental office at 1111 Pleasantville Road, Village of Briarcliff Manor, New York 10510.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit the location of the ZBA's governmental office.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit Defendant Christopher Bogart is the ZBA Chairman.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit Village of Briarcliff Manor Planning Board ("Planning Board") is a duly authorized Board, which serves in an advisory capacity to the Village Board regarding applications for special exception use permits and is also responsible for site plan and subdivision plan permits and approvals.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants state that the statement set forth in paragraph "26" of the Complaint is an averment to which no response is required.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except admit that Pace University bought the Campus in 1977 and the Village granted Pace a special use permit in 1978.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except admit that the Campus was vacant for several years.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that the Campus is located within the Villages R-40-B residential zoning district and respectfully refer the Court to the referenced schedule for its full contents and meaning.

34. Deny the allegations set forth in paragraph "34" of the Complaint and respectfully refer the Court to the Village zoning code for its full contents and meaning.

35. Deny the allegations set forth in paragraph "35" of the Complaint and respectfully refer the Court to the Village zoning code for its full contents and meaning.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit the Village adopted Local Law 01-2021 on December 15, 2020, which amended Village Code § 220-6.

38. Deny the allegations set forth in paragraph "38" of the Complaint and respectfully refer the Court to the Village code for its full contents and meaning.

39. Deny the allegations set forth in paragraph "39" of the Complaint and respectfully refer the Court to the Village code for its full contents and meaning.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit the Village announced amendments to Village Code § 220-6 at the April 6, 2021, Board of Trustees meeting and scheduled the initial public hearing on the amendments for April 20, 2021.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny as alleged the allegations set forth in paragraph "44" of the Complaint, except admit the Village's proposed amendments to § 220-6 included access and frontage requirements for all special permit uses in a residential district.

45. Deny the allegations set forth in paragraph "45" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit the Campus has access from and frontage on Elm Road.

47. Deny the allegations set forth in paragraph "47" of the Complaint and respectfully refer the Court to the referenced document for its full contents and meaning.

48. Deny the allegations set forth in paragraph "48" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint and respectfully refer the Court to the Village zoning code for its full contents and meaning.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except admit the New York State Department of Transportation classifies a portion of Elm Road as a Class 17 – Urban Collector/Major Collector roadway and another portion of Elm Road as a Class 19 – Urban Local roadway and admit the Campus fronts on the portion of Elm Road classified as a local roadway.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Admit the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint, except admit Plaintiffs sent letters dated November 15, 2022, and February 1, 2023, to the Village Board requesting a waiver.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

65. Deny the allegations set forth in paragraph "65" of the Complaint and respectfully refer the Court to the referenced documents for their contents and meaning.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint and respectfully refer the Court to the referenced documents for their contents and meaning.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint, and respectfully refer the Court to the Village Code for its true contents and meaning.

## AS AND FOR A RESPONSE TO COUNT I

77. In response to the allegations set forth in paragraph "77" of the complaint, Defendants repeat, reiterate, and reallege the responses set forth in paragraphs "1" through "76" of this answer as if fully set forth herein.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint, and respectfully refer all questions of law to the Court for adjudication.

82. Deny the allegations set forth in paragraph "82" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

**AS AND FOR A RESPONSE TO COUNT II**

85. In response to the allegations set forth in paragraph "85" of the complaint, Defendants repeat, reiterate, and reallege the responses set forth in paragraphs "1" through "84" of this answer as if fully set forth herein.

86. Deny the allegations set forth in paragraph "86" of the Complaint and respectfully refer all to the Court for adjudication.

87. Deny the allegations set forth in paragraph "87" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

88. Deny the allegations set forth in paragraph "88" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

89. Deny the allegations set forth in paragraph "89" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

**AS AND FOR A RESPONSE TO COUNT III**

90. In response to the allegations set forth in paragraph "90" of the complaint, Defendants repeat, reiterate, and reallege the responses set forth in paragraphs "1" through "89" of this answer as if fully set forth herein.

91. Deny the allegations set forth in paragraph "91" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

92. Deny the allegations set forth in paragraph "92" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

**AS AND FOR A RESPONSE TO COUNT IV**

93. In response to the allegations set forth in paragraph "93" of the complaint, Defendants repeat, reiterate, and reallege the responses set forth in paragraphs "1" through "92" of this answer as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

### AS AND FOR A RESPONSE TO COUNT V

97. In response to the allegations set forth in paragraph "97" of the complaint, Defendants repeat, reiterate, and reallege the responses set forth in paragraphs "1" through "96" of this answer as if fully set forth herein.

98. Deny the allegations set forth in paragraph "98" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

99. Deny the allegations set forth in paragraph "99" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

100. Deny the allegations set forth in paragraph "100" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

### AS AND FOR A RESPONSE TO COUNT VI

101. In response to the allegations set forth in paragraph "101" of the complaint, Defendants repeat, reiterate, and reallege the responses set forth in paragraphs "1" through "100" of this answer as if fully set forth herein.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

105. Deny the allegations set forth in paragraph "105" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

### AS AND FOR A RESPONSE TO COUNT VII

106. In response to the allegations set forth in paragraph "106" of the complaint, Defendants repeat, reiterate, and reallege the responses set forth in paragraphs "1" through "105" of this answer as if fully set forth herein.

107. Deny the allegations set forth in paragraph "107" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

108. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

110. At all times relevant to the acts alleged in the complaint, Defendants, their agents, and officials acted reasonably, properly, in good faith, and in the lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

111. Defendants are entitled to qualified immunity, governmental, discretionary immunity, and all other immunities available to them under the law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

112. Some or all of Plaintiffs' claims against Defendants are barred, in whole or in part, under the doctrines of estoppel, laches, unclean hands, waiver, release, ratification and/or acquiescence.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

113. Any harm which came to Plaintiffs was a direct and proximate result of their own actions, including but not limited to their own negligence, carelessness, assumption of risk, and/or failure to complete appropriate due diligence.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

114. Plaintiffs failed to mitigate their damages, if any, in this case.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

115. Defendants have not imposed a substantial burden on Plaintiffs' free exercise of religion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

116. The Village code section(s) at issue are facially neutral and generally applicable.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

117. Plaintiffs have not shown, and cannot show, Defendants treated similarly situated persons or entities better than Plaintiffs for equal protection and equal terms purposes.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

118. Defendants have not treated similarly situated persons or entities differently from Plaintiffs.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

119. Defendants did not violate the Fair Housing Act by refusing to sell or rent, refusing to negotiate for the sale or rental of, or otherwise make housing unavailable to one or more persons on the basis of race, color religion, sex, familial status, or national origin.

**AS AND FOR A THIRTENTH AFFIRMATIVE DEFENSE**

120. Defendants' actions were not motivated by an intention to discriminate on the basis of impermissible considerations or protected classes, to punish or inhibit the exercise of Plaintiffs' rights, or by a willful, malicious, or bad faith intent to injure Plaintiffs.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

121. The Court lacks subject matter jurisdiction to review Plaintiffs' claims.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

122. Plaintiffs have not shown, and cannot show, religious and/or antisemitic animus on the part of the Village.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

123. Plaintiffs' New York State free exercise claim is coextensive with and duplicative of their federal free exercise claim.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

124. Defendants' actions were in furtherance of a compelling government interest and were the least-restrictive means of furthering that interest.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

125. Defendants' actions did not substantially burden Plaintiffs' exercise of religion.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

126. Defendants did not apply the Village zoning code in a discriminatory manner or with a discriminatory effect.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

127. The individual Defendants are not final policymakers.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

128. Plaintiffs' claims against the individual Defendants in their official capacities are duplicative of Plaintiffs' claims against the municipal Defendants.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

129. Plaintiffs have not fulfilled the statutory conditions precedent to suit.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

130. Plaintiffs' claims are not ripe or justiciable.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

131. Because of Plaintiffs' failure to challenge the ZBA decision in an Article 78 proceeding, they are estopped from any collateral attack of that decision in this action.

**WHEREFORE**, Defendants request a judgment dismissing the Complaint in its entirety, together with such other and further relief as this Court deems just, equitable, and proper.

Dated:   Carle Place, New York
         February 15, 2024

                                        **SOKOLOFF STERN LLP**
                                        *Attorneys for Defendants*

                                  By:   _____
                                        LEO DORFMAN
                                        MARISSA EMBOLA
                                        179 Westbury Avenue
                                        Carle Place, NY 11514
                                        (516) 334-4500
                                        File No. 230163

To:   All Counsel of Record (via ECF)